ALBANY.
Covenhoven
v.
Seaman and
others.

(SUPREME COURT.)

Covenhoven *against* Seaman and others.

If a recognisance in a *homine replegiando* be, that the slave claimed, should prove his liberty, and personally appear in court and prosecute his suit with effect, it is forfeited by the appearance and surrender of the slave to the person claiming, notwithstanding he be on such surrender accepted.

THIS was an action of debt on recognisance, in which the defendants bound themselves to the plaintiff in 100*l.* that a certain *Jacob Jones*, whom the plaintiff claimed and detained as his slave, and who had sued out his writ of *homine replegiando*, should *prove his liberty* in the most proper and expedient way and means, and should *personally appear in this court*, and his suit in that behalf *prosecute with effect*.

The plaintiff averred in his declaration, " that the said *Jacob* did not prove his liberty, nor prosecute his

suit in that behalf with effect, but *suffered judgment as in case of nonsuit*, to be entered against him for not proceeding to trial."

The defendants by their plea stated, " that after the said judgment of nonsuit, the said *Jacob did appear* in this court, and then on the prayer of the plaintiff *surrendered himself* to him, who accordingly *accepted* him, and that the defendants have since *paid to the plaintiff his costs of suit*." To this plea there was a general demurrer and joinder.

*Per Curiam*, delivered by KENT J. The defendants by this recognisance, and which appears to have been taken agreeably to precedent, undertook for three things.

1st. That *Jacob Jones* should *prove his liberty* in the most expedient way.

2d. That he should personally appear in this court.

3d. That he should prosecute his suit in that behalf *with effect*.

Instead of this it appears that *Jacob Jones* has not proven his liberty, nor prosecuted his suit with effect, but has suffered judgment to be entered against him as in the case of nonsuit, and has, at the prayer of the plaintiff, surrendered himself to him.

The condition of this recognisance has certainly not been complied with ; a party submitting to a *nonsuit*, does not prosecute a suit to effect ;* nor if the writ be *abated* for any cause, will it save the recognisance, unless another writ be sued out with due diligence; the case given in *Fitzherbert*† is closely analogous to the present. " In a *homine replegiando*, the plaintiff was bound in a recognisance in a certain sum of money to the defendant's use that he would sue him,

* *Carth.* 519.

† *N. B.* 68. a.

*cum effectu ;* and if the writ be abated for any cause yet he ought to sue another writ for that taking, &c. otherwise he shall forfeit his recognisance. H. 8. H. 4.

The only question that can be raised in this cause, is whether the surrender to the plaintiff is a discharge from the recognisance. I find no authority, nor any reason to think so ; there were good inducements for the stipulations in the recognisance that a suit should be prosecuted to effect, and the question of the free-dom or servitude of *Jacob Jones* judicially deter-mined. It would either silence the unjust preten-sions of the plaintiff, and for ever deliver the man from bondage, or it would quiet him in the lawful posses-sion of his property. The surrender of *Jones* to the plaintiff, and his acceptance of him, leaves the ques-tion still undetermined.

I am, therefore, of opinion, that the plea is bad and that judgment be rendered for the plaintiff.

Judgment for the plaintiff.